J. S67040/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD BURWELL III, | : | |
| | : | |
| Appellant | : | No. 836 WDA 2014 |

Appeal from the Judgment of Sentence May 6, 2014
In the Court of Common Pleas of Fayette County
Criminal Division No(s).: CP-26-CR-0001746-2013

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:            **FILED DECEMBER 11, 2014**

Appellant, Ronald Burwell, III, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas. He avers the requirement for him to register for a lifetime under the Pennsylvania Sexual Offender Registration and Notification Act[1] ("SORNA") is unconstitutional because the statutory maximum sentence for his offense, aggravated indecent assault,[2] is ten years. Pursuant to **_Commonwealth v. McDonough_**, 96 A.3d 1067 (Pa. Super. 2014), we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9799.10-9799.41.

[2] 18 Pa.C.S. § 3125(a)(8).

On January 30, 2014, for acts involving a complainant less than thirteen years of age, Appellant pleaded guilty to aggravated indecent assault, statutory sexual assault, indecent assault, and corruption of minors.[3] On May 6, 2014, the trial court imposed a sentence of 3½ to 7 years' imprisonment for aggravated indecent assault.[4] The court found Appellant was not a sexually violent predator, but ordered him to comply with lifetime registration under Section 9799.23 of SORNA. Appellant filed a timely post-sentence motion, which the court denied. Appellant then took this timely appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement.

On appeal, Appellant presents two overlapping issues for our review, which we address together. First, he argues his lifetime registration requirement is illegal and unconstitutional because the statutory maximum sentence for aggravated indecent assault is ten years' imprisonment. Appellant also states, "It has been previously suggested that the registration requirements of SORNA and previously the various versions of Megan's Law, are actually civil penalties." Appellant's Brief at 10. He reasons, "[I]f that is actually the case, then the court should not be imposing the requirements at the time of sentencing," because the restrictions "can also result in criminal

---

[3] 18 Pa.C.S. §§ 3122.1(b), 3126(a)(7), 6301(a)(1)(ii).

[4] The trial court stated the sentence was in the aggravated range and consistent with the parties' guilty plea agreement. Amended Sentence Order, 5/6/14, at ¶ 20.

penalties . . . if the defendant does not comply with the restrictions and requirements." *Id.* Appellant then relies on *Commonwealth v. Williams*, 832 A.2d 962 (Pa. 2003), for the proposition that "penalties for lifetime registration with . . . potential for lifetime imprisonment[ ] were manifestly in excess of what was needed to ensure compliance." Appellant's Brief at 11. In his second issue, Appellant avers SORNA is unconstitutional because "the requirements for registration and classification of offenses into tiers are not in line with what is required to accomplish rehabilitation" and "constitute[ ] unusual punishment." *Id.* at 12. We find no relief is due.

We find the Superior Court's recent decision in *McDonough*, 96 A.3d 1067, controls our analysis. Preliminarily, we note that *McDonough* was issued on July 21, 2014, approximately three weeks after the trial court filed its opinion, but prior to Appellant's filing of his appellate brief. Appellant's attorney, Michael J. Garofalo, Esq. ("Counsel") of the Fayette County Public Defender's Office,[5] was also the attorney for the defendant/appellant in *McDonough*. Counsel now raises issues identical to those in *McDonough*— which this Court rejected—yet makes no mention of the *McDonough* decision. We remind Counsel that the argument in an appellate brief shall

---

[5] Counsel represented Appellant at the plea hearing as well as in the instant appeal.

include "discussion and citation of authorities as are deemed pertinent."[6]

**See** Pa.R.A.P. 2119(a).

We now review the **McDonough** decision. This Court summarized,

> On December 20, 2011, the legislature replaced Megan's Law with SORNA, effective December 20, 2012, to strengthen registration requirements for sex offenders and to bring Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act, 42 U.S.C.A. § 16901[.] Section 9799.14 of SORNA establishes a three-tiered system of specifically enumerated offenses requiring registration for sexual offenders for differing lengths of time. Pursuant to section 9799.15(a)(1), a person convicted of a Tier I offense . . . must register for 15 years. A Tier II offender must register for 25 years, while a Tier III offender must register for the remainder of his or her life. 42 Pa.C.S. § 9799.15(a)(2), (a)(3).

**McDonough**, 96 A.3d at 1070 (some citations omitted).

In **McDonough**, the defendant, who was not found to be a sexually violent predator, was convicted of a "Tier I" offense and ordered to register for fifteen years. **Id.** at 1068, 1070, 1071. On appeal, he argued,

> [I]t is unconstitutional and illegal to require an individual to register as a sex offender for 15 years for a crime that carries a maximum penalty of only two years in prison[ and] that the registration requirements of SORNA and its predecessor statute, Megan's Law,[ ] are not civil in nature because they impose restrictions and requirements which, if violated, can result in imprisonment.

**Id.** at 1070. The defendant also relied on **Williams**, 832 A.2d 962, "to

---

[6] Although the defendant in **McDonough** sought allowance for appeal with our Supreme Court on July 31, 2014, we a Superior Court "decision remains binding precedent as long as the decision had not been overturned by our Supreme Court." **See In re S.T.S.**, 76 A.3d 24, 44 (Pa. Super. 2013), *appeal denied*, 91 A.3d 163 (Pa. 2014).

support his argument that requiring an individual to register for many years longer than the maximum penalty of the crime itself is excessive and the registration provisions should be struck down as unconstitutional punishment under the state and federal constitutions." *McDonough*, 96 A.3d at 1070.

This Court disagreed. We first noted,

> In *Williams*, our Supreme Court was asked to decide whether certain provisions of Megan's Law II were constitutional as it applied to sexually violent predators (SVP's). The *Williams* Court specifically held that the registration, notification, and counseling provisions of Megan's Law II, to offenders deemed to be SVP's, were non-punitive, regulatory measures supporting a legitimate governmental purpose. However, the Court did find that the prescribed penalties that attach to SVP's for failure to register and verify their residence were unconstitutionally punitive and, therefore, invalidated those provisions.

*McDonough*, 96 A.3d at 1070-71 (citations omitted). This Court then considered the Pennsylvania Supreme Court's discussion in *Commonwealth v. Gaffney*, 733 A.2d 616 (Pa. 1999):

> Because we do not view the registration requirements as punitive but, rather, remedial, **we do not perceive mandating compliance by offenders who have served their maximum term to be improper**. Furthermore, the fact that an offender may be held until such information is furnished is no different from confining someone in a civil contempt proceeding. While any imprisonment, of course, has punitive and deterrent effects, it must be viewed as remedial if release is conditioned upon one's willingness to comply with a particular mandate.

*McDonough*, 96 A.3d at 1077 (quoting *Gaffney*, 733 A.2d at 622). The *McDonough* court also referred to *Commonwealth v. Benner*, 853 A.2d 1068 (Pa. Super. 2004):

> The registration provisions of Megan's Law do not constitute criminal punishment. The registration requirement is properly characterized as a collateral consequence of the defendant's plea, as it cannot be considered to have a definite, immediate and largely automatic effect on a defendant's punishment.
>
> * * *
>
> Because the registration requirements under Megan's Law impose only collateral consequences of the actual sentence, their application is not limited by the factors that control the imposition of sentence. T hus, while a defendant may be subject to conviction only under statutes in effect on the date of his acts, and sentence configuration under the guidelines in effect on that same date, the application of the registration requirements under Megan's Law is not so limited. This is so due to the collateral nature of the registration requirement.

*McDonough*, 96 A.3d at 1071 (quoting *Benner*, 853 A.2d at 1070-71).

The *McDonough* Court then held: "While *Gaffney* and *Benner* were decided prior to the effective date of SORNA, the same principles behind the registration requirements for sexual offenders under Megan's Law apply to those subject to SORNA. Namely, to effectuate, through remedial legislation, the non-punitive goal of public safety." *McDonough*, 96 A.3d at 1071. The court thus rejected the defendant's claim that SORNA was unconstitutional. *Id.*

As stated above, Appellant advances identical arguments in the case *sub judice*. We find *McDonough* is directly on point and accordingly find no relief due on his claim.

Judgment of sentence affirmed.

- 6 -

J. S67040/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2014